In re:   NATALIE LEANN JAMES                    CASE NO 4:26-bk-11554
DEBTOR                                                          CHAPTER 7

## EX PARTE MOTION FOR RULE 2004 EXAMINATION OF DEBTOR

COMES NOW, Theodis N. Thompson, Jr. ("Movant"), by and through counsel, Heather May of Tripcony Law Firm, and for his Ex Parte Motion for Rule 2004 Examination of Debtor, states as follows:

1. Debtor Natalie Leann James filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Arkansas on or about April 20, 2026.

2. Movant is a party in interest in ongoing domestic-relations litigation involving the Debtor currently pending in the Circuit Court of Pulaski County, Arkansas, Case No. 60DR-26-336.

3. The pending custody litigation involves issues concerning the Debtor's financial condition, employment, income, assets, liabilities, housing stability, and overall credibility before the state court.

4. Upon information and belief, there exist inconsistencies between the Debtor's sworn testimony in the domestic-relations proceedings and the representations made in her bankruptcy filings and schedules.

5. Specifically, the Debtor testified in state court that she was financially stable, maintained housing, and was capable of supporting herself and the minor child.

6. However, the Debtor's bankruptcy schedules reflect, among other things:

1

a. monthly income of $0.00;

b. unsecured debt exceeding $137,000;

c. total liabilities of approximately $197,817.00; and

d. minimal disclosed assets.

7. Movant has a good-faith basis to believe additional information exists regarding:

a. undisclosed assets;

b. employment or income sources;

c. bank accounts and financial transfers;

d. real estate interests;

e. business activities;

f. transfers of property;

g. liabilities and obligations; and

h. the Debtor's overall financial condition.

8. Federal Rule of Bankruptcy Procedure 2004 permits examination relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

9. Courts consistently recognize that Rule 2004 examinations are broad in scope and are intended to permit inquiry into the debtor's financial affairs and potential concealment or nondisclosure of assets or liabilities.

10. Movant seeks the Rule 2004 examination in good faith and for the legitimate purpose of investigating the Debtor's financial condition, representations under oath, assets, liabilities, income, and related matters relevant to the administration of the bankruptcy estate and credibility issues arising from sworn testimony.

11. Movant requests authority to examine the Debtor and require production of documents directly from the Debtor, including but not limited to:

a. federal and state tax returns;

b. bank statements;

c. employment records;

d. commission statements and brokerage records;

e. documents reflecting real estate transactions;

f. lease agreements and housing records;

g. vehicle ownership and financing documents;

h. electronic payment application records, including Cash App, Venmo, PayPal, and Zelle;

i. business records;

j. records reflecting debts, liabilities, or financial obligations; and

k. any documents reflecting income, assets, transfers, or sources of financial support.

12. At this time, Movant seeks production directly from the Debtor and does not presently seek third-party subpoenas. However, Movant reserves the right to seek additional relief, including third-party discovery, should the Debtor fail to fully and accurately produce responsive information.

13. Cause exists for entry of the requested order.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that this Court enter an Order authorizing a Rule 2004 examination of Debtor Natalie Leann James; requiring Debtor to appear for examination at a date and time mutually agreed upon by counsel; requiring Debtor to produce all responsive financial documents identified in connection with the Rule 2004 examination directly to Movant's counsel prior to the examination; and granting all other just and proper relief.

Respectfully submitted,

THEODIS N. THOMPSON, JR.

TRIPCONY MAY
4l5 N. McKinley; Suite 180
Little Rock, AR 72205
(50l) 296-9999

/s/ Heather M. May

By: _____

Heather M. May Bar No. 2001128
Attorney for Movant